IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

KATHY CANTRELL )
)
v. ) NO. 3:03-0082
) JUDGE CAMPBELL
NISSAN NORTH AMERICA, INC. )

MEMORANDUM

Pending before the Court is Defendant's Motion to Strike Plaintiff's Request for a Jury Trial on her ADA Retaliation Claim and Motion to Exclude Compensatory and Punitive Damages (Docket No. 45). For the reasons stated herein, Defendant's Motion is GRANTED.

FACTS

This case is before the Court for trial on the Plaintiff's claim for retaliation under the Americans with Disabilities Act ("ADA") after being remanded from the U.S. Court of Appeals for the Sixth Circuit. The issue presented on this Motion is whether Plaintiff is entitled to recover compensatory and punitive damages for alleged retaliation under the ADA and, consequently, whether she is entitled to a jury trial on her claim.

Defendant has moved to strike Plaintiff's request for a jury and her prayer for compensatory and punitive damages, citing the plain language of the relevant statutes and Kramer v. Banc of America Securities, LLC, 355 F.3d 961 (7th Cir. 2004). Plaintiff, on the other hand, argues that there is a split of authority concerning this issue and that the Court should follow the reasoning of Edwards v. Brookhaven Science Associates LLC, 390 F. Supp.2d 225 (E.D. N.Y. 2005) to find that Plaintiff is entitled to a jury trial and entitled to raise a request for compensatory and punitive damages.

DAMAGES: ADA RETALIATION CLAIM

The ADA provides that remedies available under Section 12117 of the ADA are also available to aggrieved persons for violations of the ADA anti-retaliation statute. 42 U.S.C. § 12203(c). Section 12117 of the ADA provides that the remedies set forth in 42 U.S.C. § 2000e-4, 2000e-5, 2000e-6, 2000e-8 and 2000e-9 of Title 42 shall be the remedies available to persons alleging violations of the ADA. 42 U.S.C. § 12117.

Section 2000e-5 provides that a court may order certain equitable relief such as back pay, but it does not provide for compensatory or punitive damages. Section 2000e-5 was expanded in 1991, however, by 42 U.S.C. § 1981a, which provides that compensatory and punitive damages are available under certain circumstances. Those circumstances include complaining persons under 42 U.S.C. § 12112 and 42 U.S.C. § 12112(b)(5) of the ADA. Section 1981(a) does not mention 42 U.S.C. § 12203, the ADA retaliation provision.

The court in Kramer reasoned that, because claims of retaliation under the ADA are not mentioned in 42 U.S.C. § 1981a, compensatory and punitive damages are not available for such claims. Kramer, 355 F.3d at 965. "Because the plain language of § 1981a(a)(2) limits its application to specific claims, it is inappropriate to expand the scope of the statute . . . to include claims for retaliation by an employer under the ADA." Id. at 966.

Other courts have declined to expand Section 1981a to ADA retaliation claims as well. See, e.g., Johnson v. Ed Bozarth #1 Park Meadows Chevrolet, Inc., 297 F.Supp. 2d 1286 (D. Colo. 2004); Sabbrese v. Lowe's Home Center, Inc., 320 F.Supp.2d 311 (W.D. Pa. 2004); Santana v. Lehigh Valley Hosp. and Health Network, 2005 WL 1941654 (E.D. Pa. Aug. 11, 2005); Frederic v.

2

Northwestern Memorial Hosp., 2005 WL 2304802 (N.D. Ill. Sept. 15, 2005); Rhoads v. Federal Deposit Ins. Corp., 94 Fed. Appx. 187 (4th Cir. 2004).

In Edwards, the court held otherwise, noting that "the remedies for violations of § 12230 of the ADA and § 12117 of the ADA are co-extensive with the remedies available in a private cause of action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5." 390 F.Supp.2d at 235. In that court's view, the omission of Section 12203 in Section 1981 is of no consequence when Section 1981 is read in conjunction with the relevant provisions of the ADA, including the fact that the remedies and procedures available to aggrieved persons for violations of § 12203 are the same as the remedies and procedures available under Title I of the ADA. Id. at 236. The Edwards court stated:

> Considering that the remedies available for retaliation under the ADA are commensurate with those available under Title I, it was unnecessary for Congress to separately mention retaliation in § 1981. Thus, it is fair to assume that the expansive effect of § 1981(a) applies equally to claims under Title I as it does to retaliation claims by virtue of the fact that the remedies available for retaliation claims incorporate, and are coextensive with, the remedies available under Title I.

Id.; see also Ostrach v. Regents of the University of California, 957 F.Supp. 196 (E.D. Cal. 1997) (because "complaining party" in 42 U.S.C. § 1981a includes persons who bring actions under Title I of the ADA, it also includes suits charging retaliation).

Although the Court agrees with the court in Sink v. Wal-Mart Stores, Inc., 147 F.Supp.2d 1085, 1101 (D. Kan. 2001), which said: "the court can discern no logic in a rule that precludes an award of compensatory and punitive damages in an ADA retaliation case when such damages are available in a Title VII retaliation case," this Court, as in Sink, is confined to the construction of the statute. For the reasons explained in Kramer and Sink, any expansion of the plain language in Section 1981a should come from Congress, not from the courts.

3

## CONCLUSION

Accordingly, Defendant's Motion to Strike Plaintiff's Request for a Jury Trial on her ADA Retaliation Claim and Motion to Exclude Compensatory and Punitive Damages (Docket No. 45) is GRANTED. Because compensatory and punitive damages are not available to the Plaintiff in this action, the case will be tried as a bench trial in accordance with the Order contemporaneously entered herein.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE